WILLARD v. SUN PRINTING & PUBLISHING CO.

(Circuit Court, S. D. New York. January 3, 1901.)

LIBEL—WHEN PUBLICATION ACTIONABLE.

    Publication by a newspaper that plaintiff was, 30 years before, the center "of the most gigantic conspiracy ever known in Wall street, and resulted in the events culminating in Black Friday," is actionable as tending to scandalize the plaintiff, and injure his personal as well as his professional reputation, though it does not charge a crime or misdemeanor.

At Law. On demurrer.

Eugene H. Lewis, for plaintiff.

Franklin Bartlett, for defendant.

WHEELER, District Judge. The complaint alleges that the plaintiff was and is a stockbroker; that there was a financial and commercial panic in 1869, which reached its height on a day since referred to as "Black Friday"; that the defendant maliciously published of the plaintiff, with the intent to injure him, in the Sun, a newspaper of large circulation, the announcement by the president of the stock exchange of the expulsion of the plaintiff, and that the president "said that the office of Mr. Willard was the center, thirty years ago, of the most gigantic conspiracy ever known in Wall street, and resulted in the events culminating in Black Friday. It was remarkable, he concluded, that a man who had participated in that undertaking should end his stock exchange career under a conviction for fraud in odd lots of stock." The principal argument in support of the demurrer is that the conspiracy referred to is not alleged to have been, nor stated in the publication as, a criminal or wrongful conspiracy. It is not necessary, however, that a libel, to be actionable, should charge a crime or misdemeanor. What, if true, would be a disgrace, and a subject of reproach and aversion among associates, would be sufficient. This charge is of a most gigantic conspiracy, participated in by the plaintiff as an undertaking resulting in a continued financial and commercial panic, which culminated so disastrously as to blacken the name of the day. This charge, when taken to be untrue,—as it must be now on demurrer,—would tend directly to scandalize the plaintiff, and to injure his personal as well as his professional reputation. That it was published as what was said by the president of the stock exchange does not avoid its actionable quality. The publication, with the intent alleged, would be a tortious spreading of the false representation. Demurrer overruled.